JOHN HANLY, Executor, & al. *versus* NOAH SPRAGUE & al.

Where one of the parties was stricken out of a bill in equity by amendment, and afterwards released all his interest in the subject matter of the bill to the other plaintiffs, who were then minors, and the guardian of the minors accepted the release, *it was held*, that such person was a competent witness.

If a person receives land to hold in trust for another, if he intends to hold the property and disclaim the trust, it is a fraud upon him for whose use it was received, from the effect of which a court of equity will grant relief.

And if the trustee convey the land to another, who does not pay an adequate consideration therefor, if the latter be not equally liable, he has no pretension to retain more than is necessary for his own indemnity.

BILL in equity, by John Hanly, executor of the will of Noah Sprague, deceased, and Danforth Sprague, Charles Sprague, and Joseph Sprague, minor children of said deceased, by said Hanly, their next friend and guardian, against Noah Sprague and John Davis. The hearing was on bill, answers, and proof. The bill alleged, that the estate of said deceased belonged to said minor children and the creditors of said deceased; that the deceased, in 1831, was seized of a farm called the Benzy farm, of the value of $425, and of another farm of the value of $600, both of which had been previously mortgaged by him to W. Battie, to secure the payment of the sum of $150,94; that the testator being unable without inconvenience to pay the debt to Battie, proposed to his son, Hiram Sprague, in 1833, that if he would pay the debt and discharge the mortgage, he should have the Benzy farm at $425, and should pay the difference to the testator, which proposition Hiram accepted; that afterwards Hiram found himself unable to comply with his agreement with his father, and proposed to his brother Noah, one of the defendants, " that he should take the place of Hiram as to this contract, if his father should agree thereto ;" that the father did agree thereto; and that " the defendant, Noah, assented thereto, and agreed with said testator, that he would fulfil all the stipulations contained in the agreement of the said Hiram, and among other things that he would pay off said mortgage to said Battie, and that he would take the Benzy farm at $425, and account to the testator for the balance, and

that the residue of the real estate, with the buildings thereon, should belong to and be the property of the testator;" that Noah did pay the debt, being $150,94, and took an assignment of the mortgage to himself; that afterwards the equity of the testator to redeem the mortgage was sold on execution for the sum of $60, and redeemed by the defendant, Noah Sprague, at his father's request, out of the balance due for the Benzy farm; that the defendant, Noah Sprague, in violation of his agreement, afterwards, in 1836, fraudulently assigned the mortgage and conveyed the whole of the estate to the defendant, Davis, he, the said Davis, then having full knowledge of all the facts and trusts, and the terms upon which the said Noah was to pay the mortgage, and paying no valuable consideration therefor, but merely giving his note for $190, which was put into the hands of a brother-in-law of Davis, to be kept for him; and that both defendants refuse to convey to the plaintiffs, or to any of them, any part of the real estate.

The substance of the answers and proof sufficiently appears in the opinion of the Court. The statute of frauds was not interposed as a defence by answer or plea.

The deposition of Nancy Martin, widow of the testator, to whom a life estate had been given in the will, and who was originally a plaintiff, and whose name was struck out of the bill on her marriage with Martin, was offered in evidence by the plaintiffs, she, with her husband, having previously executed to her children, the minor plaintiffs, a release of all her interest in the estate, which had been accepted by their guardian. Hiram Sprague's deposition was also offered by the plaintiffs, he having previously executed a similar release, which had been accepted by the guardian. Both these depositions were objected to by the defendants, on the ground that the deponents were interested.

*F. Allen* argued for the plaintiffs, and cited *Gardiner Bank* v. *Wheaton*, 8 Greenl. 373; *Hadden* v. *Spader*, 20 Johns. 554; *Spader* v. *Davis*, 5 Johns. Ch. R. 280; *Hendricks* v. *Robinson*, 2 Johns. Ch. R. 283; *McDermutt* v. *Strong*, 4

Johns. Ch. R. 687; 1 Mad. 213; 14 Johns. 493; 5 Mason, 144; 2 Johns. Ch. R. 35; 7 Johns. Ch. R. 557.

*J. S. Abbott* argued for the defendants, and cited *Schillinger* v. *McCann*, 6 Greenl. 364; *Elder* v. *Elder*, 1 Fairf. 80.

The opinion of the Court was by

WESTON C. J. — The objection arising from the coverture of Nancy Martin, formerly Nancy Sprague, has been removed by an amendment of the bill. She and her husband have released and assigned her interest, and his in her right, to the other plaintiffs. Its acceptance by the guardian was sufficient to give efficacy to the instrument. It might prove beneficial to the wards but could in no event injure them. It being subsequent to the right she acquired from the creditors, that also passed by the assignment. She was under no certain liability to pay costs, which depend on the discretion of the Court. Besides, the guardian, receiving her release, is under an equitable obligation to indemnify her for any expense, for which she might become liable in the prosecution. No question, as to the mesne profits, will be settled by this cause. Nor has she in any other form, any direct interest in the estate, sought to be recovered by her children. And we are of opinion, that the release, executed by Hiram Sprague, divested him of all interest, as legatee or otherwise, in the subject matter of this suit.

The agreement originally made between Noah Sprague, the testator, and Hiram, his son, as charged in the bill, is proved by the deposition of Hiram; and the defendant, Noah Sprague, the younger, admits in his answer, that before he became interested, he was apprized by Hiram of the bargain between him and his father. That he advanced the money due upon the mortgage, upon the same terms, he does not directly admit; and he denies that he made any agreement with his father, to hold any part of the property in trust for him. And yet the implication is very strong from the answer, that he was substituted for Hiram, and that he must have been aware, that both Hiram and his father so understood it. He says he was

requested by Hiram to take his place, and that after much solicitation, he did agree to obtain the money, and pay the amount due on the mortgage. Then follows a denial of any affirmative agreement, to hold any part of the property in trust. But he does not say, that he refused to take Hiram's place, or that he notified him or his father, that he was acting only with a view to his own interest.

If the defendant, by any mental reservation, intended to disappoint the expectations of his father, of which he was fully apprized, it was a course of proceeding, which cannot be justified. It further appears, from the positive testimony of Hiram Sprague, that Noah agreed with his father, in his presence, to take the property upon the same terms, that had been agreed between him and Hiram. Nancy Martin deposes, that Noah, the defendant, expressly declared to her, that such was the fact. And the conversations, to which she deposes, between him and his father, prove the claim of the father on the one hand, and its recognition on the other. Upon this point, the answer is contradicted by the positive testimony of two witnesses. If the defendant intended to hold the property, and to disclaim the trust, it was a fraud upon the father, from the effect of which those who represent him are well entitled to be relieved.

But in our judgment, it is deducible from the answer, that Noah, the defendant, took the place of Hiram, and is therefore fairly chargeable with the same trusts. The defendant, Davis, not being a purchaser for an adequate consideration, is equally liable, having at any rate no pretension to retain more than is necessary for his own indemnity. Hiram was to have the Benzy place to his own use ; and the equity of the case does not require, that the title of Davis to this part of the property should be disturbed. That is of greater value than the consideration paid by him. Upon a view of the whole case, we are not satisfied, that Noah Sprague, the defendant, has verified claims, which ought equitably to defeat or impair the right of the plaintiffs to have the other part of the estate conveyed to them.

And it is ordered and decreed, that the defendant, John Davis, convey, by a good and sufficient deed, to the plaintiffs, Danforth Sprague, Charles Sprague, and Joseph Sprague, their heirs and assigns, the estate described in the bill, other than the Benzy farm, and that the defendant, Noah Sprague, also release to the same plaintiffs, all his right, title and interest in said estate.